LEAVY, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the investigatory stop and search of Dunlap’s vehicle were -lawful. I dissent from the decision to reverse and remand because Officer Henry had probable cause to arrest Dunlap for failing to immediately notify him of the two concealed loaded pistols within reach in the vehicle.
Alaska state law requires that, when contacted by a peace officer, a person possessing a concealed deadly weapon “on the person” must “immediately inform the peace officer of that possession or allow the peace officer to secure the deadly weapon.” Alaska Stat. § 11.61.220(a)(i)(A)(i). An Anchorage municipal ordinance expands the notification requirement under state law and provides that if a “firearm” is “concealed about his or her person in any manner,” the person when contacted by a -peace officer must “immediately inform the peace officer of that possession and allow the peace officer to secure the firearm.” Anchorage Municipal Code § 8.25.020(A)(l)(a)(i). Neither the state law nor the local ordinance prohibit the lawful possession of concealed firearms-on the person, about the person, and in a vehicle. The requirement of notification under state law is limited to deadly weapons “on the person.” The requirement of notification under the municipal law applies only to “firearms,” and more *766 broadly to firearms “concealed about his or her person in any manner.” Here, Dunlap failed to immediately notify Officer Henry of a loaded pistol in a fanny pack on the passenger seat and a loaded pistol in between the front passenger seat and the center console.
The municipal requirement of disclosure of concealed firearms is a well-designed provision to enhance the safety of the occupant of a vehicle, as well as the safety of the officer, by requiring the occupant to tell the officer whether he has firearms within his reach, even though the lawful possession of concealed firearms in the vehicle is perfectly legal under both municipal and state law. The requirement of disclosure does not diminish Dunlap’s right to lawfully possess and carry concealed weapons in his car. Nor does a truthful answer, which contributes much to safety, require Dunlap to incriminate himself in any way.
It is immaterial that Dunlap was cited for violating the Alaska state statute requiring notification, rather than the Anchorage municipal ordinance requiring notification, because the police officer need not show that probable cause existed to arrest for the crime charged. As long as “the facts known to the arresting officer at the time of the arrest” supported probable cause for any offense, the arrest is proper. Devenpeck v. Alford, 543 U.S. 146, 152-53, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).
In summary, Officer Henry, in the course of enforcing state laws and the municipal laws of Anchorage, had probable cause to arrest Dunlap for failure to notify him of the concealed loaded pistols within Dunlap’s reach in Dunlap’s car. Because notification was required in this situation, Officer Henry did not make a mistake of law. His only mistake was citing the wrong provision of the law.